# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff<br><br>　v.<br><br>JOSE MIRANDA,<br><br>　　　　Defendant | CASE NO. 1:10-CR-406 AWI<br><br>ORDER ON MOTION FOR CREDIT FOR TIME SERVED<br><br>(Doc. No. 17) |

On October 11, 2011, the Court accepted a guilty plea from Defendant Jose Miranda for one count of 8 U.S.C. § 1362, deported alien found in the United States. See Doc. No. 15. The plea was pursuant to a plea agreement. See Doc. No. 14. The same day, the Court sentenced Defendant to 46 months imprisonment and 36 months of supervised release. See id.; Doc. No. 16. The sentence was ordered to be "served consecutively to any undischarged term of imprisonment." Doc. No. 16.

On June 21, 2021, Defendant moved the Court to receive credit for time held in custody. See Doc. No. 17. Defendant explains that he was serving time in California state prison when he was taken into custody by the United States Marshalls. See id. Defendant was taken into custody and moved to the federal facility in Lerdo, California in connection with this case. See id. Defendant states that he was held at Lerdo for 6 months before being sentenced in this case. See id. Defendant explains that, while he signed an agreement for consecutive sentences, he has not received credit for the 6 months that he was in federal custody awaiting resolution of this case. See id. Defendant requests that the Court order that he receive credit for the 6 months he spent in Lerdo in connection with this case. See id.

1 | Defendant does not cite any authority for the Court to grant his motion. However, a defendant may challenge his entitlement to a sentencing credit, which is a calculation made by the Bureau of Prisons, by filing a habeas petition under 28 U.S.C. § 2241. Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). Therefore, challenges to a determination of when a sentence begins, or whether a defendant is entitled to credit for time held in "federal custody" when the defendant was taken out of a state prison, may be reviewed through § 2241. Johnson v. Gill, 883 F.3d 756, 760-61 (9th Cir. 2018); Elwell v. Fisher, 716 F.3d 477, 479-82 (10th Cir. 2013). Based on the limited arguments made by Defendant, the Court concludes that Defendant's motion is in reality a § 2241 habeas petition.

Because Defendant's motion is actually a § 2241 habeas petition, the Court must deny relief for two reasons. First, Defendant is imprisoned in FCI Otisville, which is located in Otisville, New York, and was so imprisoned at the time his petition/motion was filed. "[A] § 2241 petition *must* be filed in the district where the petitioner is in custody." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); see Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). The failure to file a § 2241 petition in the custodial court is a jurisdictional failure. Hernandez, 204 F.3d at 865; see also Johnson, 883 F.3d at 761. Because the Southern District of New York is the custodial court, this Court does not have subject matter jurisdiction over Defendant's petition/motion. See id. Second, as a "prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241," although this requirement is typically waived if pursuing administrative remedies would be futile. Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Here, there is no indication that Defendant has pursued any administrative remedies with the Bureau of Prisons regarding time credit calculations. Cf. Elwell, 716 F.3d at 480-81 (noting that the petitioner had exhausted his administrative remedies with the Bureau of Prisons). Nor is there any indication that attempting to utilize these remedies with the Bureau of Prisons would be futile. Therefore, it appears that Defendant does not have prudential standing.

In sum, because this Court lacks jurisdiction and because Defendant has not demonstrated prudential standing, the Court must deny Defendant's petition/motion.

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that, Defendant's 28 U.S.C. § 2241 petition/motion for time credit (Doc. No. 17) is DENIED.

IT IS SO ORDERED.

Dated:   June 25, 2021                          _____
                                                                    SENIOR  DISTRICT  JUDGE